IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| OXFORD HOUSE, INC., <br> A Delaware not for profit corporation <br> 1010 Wayne Avenue Silver Spring, <br> Maryland 20910 <br><br> Plaintiff, <br><br> v. <br><br> CITY OF DOTHAN, ALABAMA, <br> an Alabama municipal corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:21-cv-655-RAH <br> (WO) |

## **ORDER**

On October 4, 2021, Plaintiff Oxford House, Inc., filed a preliminary statement/complaint (Doc. 1) against the City of Dothan along with motions for temporary restraining order and preliminary injunction (Doc. 4), and a memorandum (Doc. 5) in support of the motions.

A temporary restraining order should issue only where the moving party demonstrates that (1) there is a substantial likelihood of success on the merits, (2) the temporary restraining order is necessary to prevent irreparable injury, (3) the threatened injury outweighs the harm the temporary restraining order would cause to the nonmoving party, and (4) the temporary restraining order would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001).

Under Rule 65 of the Federal Rules of Civil Procedure, a temporary restraining order may issue without notice to the nonmoving party only if (a) specific facts in an

affidavit or verified complaint show that the moving party will suffer immediate and irreparable injury before the adverse party can be heard, and (b) the moving party certifies in writing the efforts he has made to notify the nonmoving party and the reasons notice should not be required. Fed. R. Civ. P. 65(b)(1).

Here, the Plaintiff has not met Rule 65(b)(1)'s requirements. In its motion, the Plaintiff does not allege any concrete facts to support a finding that a temporary restraining order is necessary to prevent immediate and irreparable injury before the Defendant can be heard in opposition. Moreover, the Plaintiff has not submitted the certification required by Rule 65(b)(1)(B). Because the motion fails scrutiny under Rule 65(b)(1), it is not necessary to analyze the *Parker* elements.

Accordingly, it is ORDERED as follows:

(1) The Motion for a Temporary Restraining Order (Doc. 4) is DENIED;

(2) A status and scheduling conference regarding the motion for preliminary injunction is SET on **Wednesday, October 6, 2021**, at **3:00 p.m. by telephone**. Counsel shall contact chambers for the call-in number.

(3) Counsel for the Plaintiff shall immediately contact counsel for the Defendant regarding this matter.

DONE on this the 4th day of October, 2021.

                                              /s/ R. Austin Huffaker, Jr.
                                              R. AUSTIN HUFFAKER, JR.
                                              UNITED STATES DISTRICT JUDGE