IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| OXFORD HOUSE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-655-RAH |
| | ) | [WO] |
| CITY OF DOTHAN, ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

Pending before the Court are Defendant City of Dothan's Motion to Join Oxford House-Dothan, Oxford House-COOP, Oxford House-Dodge, and Anna Stephens as Necessary Parties (Doc. 26) and the Unopposed Motion to Join Oxford House-Dodge as Party Plaintiff (Doc. 36). Defendant's requested joinder of Oxford House-Dothan, Oxford House-COOP, and Oxford House-Dodge is unopposed by Plaintiff (*see* Docs. 33, 36), and therefore the motions are GRANTED as to those three entities.

As to Anna Stephens, Defendant's request is DENIED without prejudice but with leave to refile if circumstances change. First, the Court concludes that Stephens (the landlord) is not a necessary party under Fed. R. Civ. P. 19(a)(1)(A) because the Court can provide "complete relief" among the litigants without Stephens' presence. *See, e.g.*, *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1039 (11th

Cir. 2014) ("The district court could award all of the requested relief without haling the landlords into court because Big Lots was fully able to pay damages and comply with injunctions."). Defendant argues that "[b]ecause Stephens controls the provision of utilities to the Oxford Houses, the Court cannot grant OHI's requested relief by declaring that Dothan's business license requirements discriminate against Oxford House residents in the provision of utility service." (Doc. 27 at 9.) However, the relief Plaintiff seeks is not the provision of utilities generally—it is enjoining Defendant from requiring Plaintiff to obtain a business license before and as a condition of Defendant providing utilities to Oxford Houses. (Doc. 31.) Defendant can give Plaintiff the relief sought by waiving the requirement that the Oxford Houses obtain business licenses without involving Stephens during the pendency of the lawsuit.

Nor does Rule 19(a)(1)(B) require that Stephens be joined. Section (B)(i) does not make Stephens necessary because she has no rights at stake in the litigation that are in danger of being impaired or impeded by the case proceeding without her. Regardless of whether the Court grants or denies Plaintiff's injunction to stop Defendant from requiring business licenses for Oxford Houses, Stephens can choose to continue or discontinue her contractual relationship with such houses. Defendant does not explain how, in future litigation, Stephens will be bound by the decisions of this Court.

Finally, Defendant urges under section (B)(ii) that, because Stephens is not joined, Defendant will potentially be subject to "inconsistent obligations." (Doc. 37 at 2.) It mistakes the meaning of this term. "Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *Winn-Dixie Stores*, *Inc.*, 746 F.3d at 1040. Defendant fails to explain how it would be unable to comply with an order enjoining it from requiring Oxford House to get a business license under any scenario. Instead, Defendant seems to label as an inconsistent obligation, the idea that, if Defendant wins as to the dispute with Oxford House, then "Dothan could conceivably be subject to another federal lawsuit if Stephens declared the Oxford houses in breach of the leases or terminated the utilities after the Court entered judgment in Dothan's favor." (Doc. 37 at 6.) Yet the resolution of a separate potential contract dispute between Oxford House and Stephens in no way conflicts with a potential determination that Defendant is either enjoined or not enjoined from enforcing the business license requirement as to Oxford House. *See Winn-Dixie Stores, Inc.*, 746 F.3d at 1040 ("Yet the resolution of a separate contract dispute between Big Lots and its landlord in no way conflicts with the district court's determination that Big Lots violated the grocery exclusive.").

Consequently, while the Court is denying Defendant's request to join Stephens at the present moment, Defendant may refile the request at a later date if

Defendant believes the landscape has changed and Stephens's presence becomes necessary in this litigation.

Accordingly, it is **ORDERED** as follows:

(1) The Unopposed Motion to Join Oxford House-Dodge as Party Plaintiff (Doc. 36) is GRANTED.

(2) To the extent Defendant seeks joinder of Oxford House-Dothan and Oxford House-COOP as co-plaintiffs, the Motion to Join (Doc. 26) is GRANTED.

(3) Oxford House-Dothan, Oxford House-COOP, and Oxford House-Dodge shall be added as plaintiffs in this matter.

(4) To the extent the Defendant seeks the joinder of Anna Stephens as a co-defendant, the Motion to Join (Doc. 26) is DENIED without prejudice.

**DONE**, on this the 4th day of January, 2022.

                                        /s/ R. Austin Huffaker, Jr.
                                  R. AUSTIN HUFFAKER, JR.
                                  UNITED STATES DISTRICT JUDGE